UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

In re:                                          Chapter 11

    Olegna Fuschi,                              Case No. 25-10304 (PB)

        Debtor.                           **<u>NOT FOR PUBLICATION</u>**

------------------------------------------------------------x


**BENCH DECISION DISMISSING DEBTOR'S CHAPTER 11 CASE WITH
PREJUDICE[1]**


**<u>APPEARANCES:</u>**

OLEGNA FUSCHI
*Pro Se Debtor*
2727 Palisade Avenue, 12BC
Bronx, NY 10463

U.S. DEPARTMENT OF JUSTICE
*Counsel for the Office of the United States Trustee*
One Bowling Green
New York, NY 10004
By: Andrea B. Schwartz

TANE WATERMAN & WURTZEL, P.C.
*Counsel for Highpoint-On-The-Hudson Owners, Inc.*
120 Broadway, Suite 948
New York, NY 10271
By: Stewart E. Wurtzel

ROBERTSON ANSCHUTZ SCHNEID CRANE & PARTNERS, PLLC
*Counsel for the Bank of New York Mellon*
900 Merchants Concourse, Suite 310
Westbury, NY 11590
By: Kevin Toole

**<u>Hon. Philip Bentley</u>**
**<u>U.S. Bankruptcy Judge</u>**

---

[1] This decision was dictated on the record at the conclusion of the March 5, 2026 hearing on the U.S. Trustee's motion to dismiss this case. It has been edited in limited respects to improve its readability and to add a number of case citations, but the substance of the ruling has not changed. Given the decision's origins as a bench ruling, it has a more conversational tone and fewer citations than a memorandum decision.

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

Case No. 25-10304-pb

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In the Matter of:

OLEGNA FUSCHI,

        Debtor.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**P R O C E E D I N G S**

I'm ready to read my bench ruling on the motion of the United States Trustee's Office to dismiss this bankruptcy with prejudice and with in rem stay relief. Given the circumstances, I'm going to grant the motion to dismiss and enter an order barring future bankruptcy filings by the Debtor for the next two years. I'm not going to grant in rem stay relief.

Let me address first the record that's before me on this motion. The U.S. Trustee's motion was filed a number of months ago. Since that time, we've had several hearings in this case, and I've made several attempts to schedule a hearing on the motion. Those hearings were adjourned repeatedly because of the Debtor's ill health. Ms. Fuschi, I trust you are now better, and I'm glad to see that you were able to get into court here today.

Today's hearing was scheduled as an evidentiary hearing, and I entered orders addressing the procedure to be followed. In compliance with that procedure, Ms. Schwartz, counsel for the U.S. Trustee, filed a number of declarations, which she today proffered into evidence as witness testimony.

One of my orders required the Debtor to file a list of her proposed witnesses with a summary of the expected testimony of each witness in late December. The Debtor never complied with that order. She filed nothing at all in

3

response to the order until yesterday evening, when she filed a list that named four witnesses in addition to herself but -- even at that late date -- did not say what they were going to be testifying about.

We addressed this procedural issue at today's hearing. I ruled that I was going to allow the two witnesses that the Debtor brought to court with her today, namely her son, Mr. Anthony Aibel, and a friend, Ms. Ellen Grayson, to testify. I ruled that I was going to permit them each to testify despite the Debtor's non-compliance with my prior order, and I was going to limit their direct testimony to 10 minutes each, per one of my prior orders concerning this trial. But after I explained to the Debtor my views on what testimony would be relevant and what testimony would not be relevant, she decided not to present testimony, by herself or by either of the two witnesses that she brought to court with her.

So, the factual record I now have consists of (i) the court filings in this case; (ii) the state court filings, which I can take judicial notice of, in the foreclosure proceeding that has been forestalled by the debtor's bankruptcies; and (iii) the testimony by declaration of five of the six witnesses proffered by the U.S. Trustee. I declined to accept into evidence the declaration of one the U.S. Trustee's witnesses because that witness was not in court and available to be cross-examined.

4

Based on this record, I find that cause exists to dismiss this chapter 11 bankruptcy case pursuant to section 1112(b)(1). I also find that this is a bad faith filing that warrants relief in the form of a bar on future filings.

Dismissal of this case is warranted for a number of reasons. First, the Debtor has failed to comply with numerous requirements that govern chapter 11 cases, and it is apparent that she is either unwilling or unable to comply with those requirements. At prior hearings, I urged the Debtor to hire a lawyer. I understand sometimes debtors don't have the resources to hire a lawyer, and the Debtor says that she falls into that category. I don't doubt her word on that. But the fact of the matter is that if you're in bankruptcy and you're not able to comply with any of your obligations as a debtor, you shouldn't be in bankruptcy.

Second, although this case has been pending for about 13 months, the Debtor has done nothing to move this case forward. There's been no activity in the case since last March.

Third, as I'll discuss later in my ruling, I find that this bankruptcy -- the Debtor's fifth bankruptcy filing -- was filed in bad faith, which is an independent basis for dismissal.

I'll mention just some of the Debtor's failings to comply with bankruptcy requirements. The Debtor never filed a declaration under Local Bankruptcy Rule 1007-2. The Debtor

failed in a number of additional ways to satisfy reporting requirements under section 1112(b)(4)(F) of the Bankruptcy Code.  The Debtor also failed to pay the statutory fees required by 28 U.S.C. § 1930, which by itself constitutes a ground for dismissal under section 1112(b)(4)(K) of the Bankruptcy Code. And as I'll discuss in a moment, the Debtor failed to comply with a number of orders of this Court, which is yet another ground for dismissal under section 1112(b)(4)(E) of the Bankruptcy Code.

But most important is the simple fact that there's been no activity whatsoever in this case over the past 12 months, other than the various hearings on the motion to dismiss.  It doesn't appear that the Debtor has any intention of proposing and confirming a plan of reorganization, and I have no basis to expect that the Debtor is capable of doing so.  This is a further ground for dismissal.

Let me turn now to the circumstances that support my finding that the Debtor filed this bankruptcy in bad faith, which provides a further ground for dismissal and also justifies a two-year bar on future bankruptcy filings.  To start with the legal basis for relief of the latter sort, which is often referred to as dismissal with prejudice, the Second Circuit ruled in *In re Casse*, 198 F.3d 327, 336-337 (2d Cir. 1999), that a bankruptcy court has the power under the Bankruptcy Code to dismiss a case with prejudice when it

6

finds that the debtor is a bad faith serial filer.

I should add, Ms. Fuschi, that the term bad faith is a term of art.  It doesn't mean bad faith in the usual sense of that term.  Rather, it refers to a debtor whose actions indicate that he or she has not filed for bankruptcy with the intent or ability to reorganize.

The biggest fact that supports my finding of bad faith here is that this is the Debtor's fifth bankruptcy case.  See *Casse,* 198 F.3d at 333-339 (confirming bankruptcy court's power to "prohibit a serial filer from filing petitions" and finding that bankruptcy judge's finding of bad faith was not erroneous); see also *In re Spectee Group, Inc.*, 185 B.R. 146 (Bankr. S.D.N.Y. 1995) (noting that "[s]erial filings are a 'badge' of bad faith"); cf. *In re C-TC 9th Ave. P'ship*, 113 F.3d 1304 (2d Cir. 1997) (applying eight-factor test to determine bad faith in single-asset real estate case).

The Debtor filed four prior bankruptcy cases, in 2009, 2010, 2018, and 2021, before she filed this case 13 months ago.  All five of her bankruptcy cases appear to have been intended to forestall the foreclosure of her co-op apartment. And in fact, these bankruptcies have prevented the foreclosure of her apartment, by repeatedly staying the foreclosure suit that has been pending in state court for at least the past 17 years.

Let me turn to what I think this case may really be

about.  The Debtor has said, and at least once has testified, that she has been locked out of her co-op apartment for a number of years, and this has prevented her from retrieving her many valuable possessions, some of great personal value, that are in the apartment. She has said the co-op board has not allowed her to retrieve her possessions.

The first time the Debtor made this point, I took it very seriously.  Ms. Fuschi, you'll recall we had a hearing early in this case, at which there was a lot of back and forth among you, me and the other parties.  And at the end of that hearing, you offered a possible resolution. You said that if the co-op board would allow you or people working on your behalf into the apartment to reclaim your possessions, you would gladly turn over title to the apartment. You said you were no longer living in the apartment, and that your intention was not to retain the apartment.  Rather, your goal was to retrieve your possessions.

The deal you proposed sounded very sensible to me.  So, I entered an order on October 29, 2025, which gave you about a month to finalize that deal and implement it.  And what mystifies me is that, after telling me that that was what you wanted to do, you apparently did absolutely nothing to take advantage of that opportunity when it was offered to you.  The declarations that have been admitted into evidence show that the co-op board reached out to you repeatedly to allow you to

come and retrieve your possessions or to send people to retrieve them.  And you just didn't respond.

You also ignored and failed to comply with my orders in multiple respects. The order I entered on October 29, 2025 encouraging you to do this deal provided that, if you were not able to get the deal done by a certain date, you would file a response to the motion to dismiss, and  we would then have a hearing on the motion to dismiss.  You never filed a response. You were also required to file, by late December, a list of witnesses with a summary of their testimony.  You filed nothing at all until yesterday evening, and all you filed then was a list of witnesses, with no summary.  That's not proper procedure, Ms. Fuschi.  And it has consequences. It makes it impossible for the other side to adequately prepare for any testimony you might have presented at the hearing.

I find that that if I were to allow this bankruptcy to continue, we would just get a continuation of this sort of conduct.  This complete non-compliance with any order I enter, along with your prior filings and the absence of any apparent purpose served by letting the bankruptcy continue, justifies dismissal with prejudice.

For those reasons, I find that the Debtor's bankruptcy filing is a bad faith filing as the case law uses those words. And I find that it's appropriate to enter an order that bars

the Debtor from filing any new bankruptcy case for the next two years.

The U.S. Trustee's office has asked me to also enter in rem stay relief. In rem stay relief would mean that, for a period of time, no future bankruptcy filed by anyone -- the Debtor or anyone else -- would result in a stay of proceedings to foreclose on the apartment. I'm not going to grant that relief for two reasons. First, I don't think it's needed, because I am entering a two-year bar on future filings. And second, the classic situation for granting in rem relief is when there are multiple debtors who collude among themselves to continue a stay in effect. That's not the case here.

Let me turn finally to the issue that came up at the end of this morning's hearing concerning the recently filed adversary proceeding. Yesterday evening, the Debtor filed a one-page document that was captioned as a complaint commencing an adversary proceeding. The filing consisted of a couple of paragraphs, followed by a conclusion that said, "I'm seeking the turnover of property and monetary damages commensurate with the losses suffered." A number of exhibits were attached to that document.

Putting aside whether that document complies with the requirements for commencing an adversary proceeding in bankruptcy, I find that it does not make sense for me to retain jurisdiction to hear that case following the dismissal

10

of this bankruptcy. A bankruptcy court that dismisses a bankruptcy has discretion, if the circumstances warrant, to retain jurisdiction over adversary proceedings that are pending at the time of dismissal. For example, *In re Porges*, 44 F.3d 159 (2d Cir. 1995), an adversary proceeding had gone all the way through trial, and at the time the bankruptcy was dismissed, all that remained in adversary proceeding was for the bankruptcy judge to formalize his oral ruling and enter judgment. The bankruptcy court dismissed the bankruptcy but retained jurisdiction over the adversary proceeding, and on appeal, the Second Circuit held that this retention of jurisdiction was a proper exercise of the bankruptcy judge's discretion. *Id.* at 161-63.

This case is fundamentally different. In this case, we have an adversary proceeding that was commenced the evening before today's hearing. And so, there's absolutely no equitable basis, in my view, that would warrant my exercising discretion to retain jurisdiction over that adversary proceeding. Therefore, in the order that I will enter dismissing this bankruptcy, I will provide among other things that the adversary proceeding will be dismissed.

This completes my bench ruling.


Dated: New York, New York          /s/ Philip Bentley

     March 27, 2026                 U.S. Bankruptcy Judge


11